UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CASE No. 2:14-cr-0028** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **JOHN HAROLD MATERNE** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a motion [doc. 138] filed by defendant John Harold Materne, requesting sentencing credit for time served in accordance with this court's judgment. This motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

### I.
#### BACKGROUND

Pursuant to a plea agreement, Materne was convicted in this court of one count of committing a robbery in Indian country, a violation of 18 U.S.C. §§ 211, 1152, and 1153, and one count of brandishing a firearm during a crime of violence, a violation of 18 U.S.C. § 924(c)(1)(A)(ii). Docs. 84, 85; *see* doc. 1 (indictment). On October 30, 2014, he was sentenced to a 37 month term of imprisonment on the first count and 84 month term on the second, with the terms to run consecutively to each other and with credit awarded for time served. Docs. 112, 115. Materne filed a motion to vacate under 28 U.S.C. § 2255, which is currently pending before the court. Doc. 130. He has also filed the instant motion, in the form of a letter to the court, alleging

that the Bureau of Prisons is failing to properly credit him for time served in a state facility and/or to credit him with earned and projected good time. Doc. 138.

## II.
### LAW AND ANALYSIS

Because he does not seek alteration of the court's judgment but instead challenges its enforcement by the Bureau of Prisons, Materne's motion is clearly intended as a request for sentencing credit/challenge to the execution of his sentence under 28 U.S.C. § 2241 rather than an attack on the sentence itself under 28 U.S.C. § 2255. The district of incarceration has exclusive jurisdiction over a defendant's § 2241 petition. *Lee v. Wetzel*, 244 F.3d 370, 373–74 (5th Cir. 2001). At the time he submitted the instant letter/motion, Materne was incarcerated in Three Rivers, Texas. *See* doc. 138, att. 2. This court has received no indication that Materne has been transferred. Accordingly, we lack jurisdiction to grant the relief that Materne requests. If Materne wishes to pursue relief under 28 U.S.C. § 2241, he must do so in the United States District Court for the Southern District of Texas.

## III.
### CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that the instant motion be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction to the extent that it seeks relief under 28 U.S.C. § 2241.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14)

days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 25th day of March, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE