# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

**UNITED STATES OF AMERICA**       **CASE NO. 2:14-CR-00028-01**

**VERSUS**      **JUDGE ROBERT G. JAMES**

**JOHN HAROLD MATERNE (01)**      **MAGISTRATE JUDGE KAY**

## RULING ON OBJECTION

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed by Defendant John Harold Materne. [Doc. No. 130]. By his motion, Materne seeks to vacate his conviction under 18 U.S.C. § 924(c) (brandishing a firearm during a crime of violence) based upon recent rulings by the United States Supreme Court and the Fifth Circuit Court of Appeals holding that certain residual clauses set forth in § 924 are unconstitutionally vague. The motion was referred to Magistrate Judge Kay for Report and Recommendation. The Magistrate Judge recommends the motion be denied and dismissed with prejudice. [Doc. No. 148]. The Court issues this Ruling to address Materne's objection to the Report and Recommendation. [Doc. No. 149].

Materne was convicted of one count of committing a robbery within the territorial jurisdiction of the United States, in violation of 18 U.S.C. § 2111, and one count of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). By his objection, Materne argues his conviction for brandishing a firearm during a crime of violence should be vacated, because the residual clause of the statute's definition of "crime of violence" is unconstitutionally vague. *See* 18 U.S.C. § 924(c)(3)(B),

The predicate offense for Materne's firearm conviction is robbery within the territorial jurisdiction of the United States, 18 U.S.C. § 2111. That statute provides: "Whoever, within the special maritime and territorial jurisdiction of the United States, **by force and violence, or by intimidation**, takes or attempts to take from the person or presence of another anything of value, shall be imprisoned not more than fifteen years." 18 U.S.C. § 2111 (emphasis added).

Materne was convicted of the firearm charge pursuant to 18 U.S.C. § 924(c)(1)(A)(ii), which provides in pertinent part:

> [A]ny person who, during and in relation to any **crime of violence** . . . uses or carries a firearm . . . shall, in addition to the punishment provided for such crime of violence . . . --
>
> . . .
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years. . . .

18 U.S.C. § 924(c)(1)(A)(ii) (emphasis added).

Section 924 defines "crime of violence" as follows:

> For purposes of this subsection the term "crime of violence" means an offense that is a felony and--
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection (A) is frequently referred to as the "elements clause," and subsection (B) is referred to as the "residual clause."

In *Johnson v. United States*, 135 S.Ct. 2551 (2015), the Supreme Court held that the residual clause of the statutory definition of "violent felony" in the Armed Career Criminal Act,

18 U.S.C. 924(e)(2)(B)(ii), was unconstitutionally vague. *Id.* at 2563.[1] In *United States v. Davis*, the Fifth Circuit held Hobbs Act robbery is a crime of violence under the elements clause of § 924(c)(3)(A), despite defendants argument that "Hobbs Act robbery can be committed without the use, attempted use, or threatened use of physical force, because 'fear of injury' is included in the definition of robbery."[2] *Davis*, 903 F.3d 483, 485 (5th Cir. 2018). However, the Fifth Circuit did hold § 924(c)(3)(B)'s residual clause is unconstitutionally vague. *Id.* at 486.

In this matter, the Magistrate Judge found that Materne's predicate offense for robbery under § 2111 "qualifies as a crime of violence under the *elements* clause of § 924(c)(3)," and therefore *Johnson* and its progeny "provide no new avenue for relief. . . ." [Doc. No. 148 at 7 (emphasis added)]. Materne objects, arguing his predicate offense of robbery "only meets the definition of a 'crime of violence' under § 924(c)'s now-void residual clause," and therefore, he is serving an illegal sentence. [Doc. No. 149 at 2]. According to Materne, § 2111 makes it a crime to take or attempt to take anything of value "by force and violence, or by *intimidation*." *Id.* (emphasis added). Materne reasons "intimidation" does not require the use of physical force, and therefore robbery under § 2111 "is not a triggering offense under § 924(c)[(3)(A)]," because it is not necessarily a crime of violence. *Id.* at 3. In support of his argument, Materne argues, "Intimidation 'results when one individual acts in a manner that is reasonably calculated to put another in fear.'" *Id.* (quoting *United States v. Higdon*, 832 F.2d 312 (5th Cir. 1987)). Accordingly, Materne

---

[1] Materne was not sentenced under § 924(e), i.e., the statute at issue in *Johnson*. The portion of § 924(e) found to be unconstitutionally vague is set forth in italics, and reads (in context): "the term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year . . . that . . . is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*. . . ." 18 U.S.C. § 924(e)(2)(B).

[2] The Hobbs Act defines "robbery" as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or *fear of injury*, immediate or future, to his person or property. . . ." 18 U.S.C. § 1951 (emphasis added).

concludes his predicate conviction "only meets the definition of a crime of violence under the residual clause" of § 924(c)(3), which the Fifth Circuit has held is unconstitutionally vague. *Davis* at 486.

Materne has omitted key portions of *Higdon*. There, the issue before the court was the definition of "taking by intimidation" under the Bank Robbery Act, 18 U.S.C. § 2113. The court found that "intimidation results when one individual acts in a manner that is reasonably calculated to put another in fear." *Higdon*, 832 F.2d at 315. The court continued, "Thus, from the perspective of the victim, a taking 'by intimidation' under section 2113(a) occurs when an ordinary person in the [victim's] position reasonably could infer a threat of bodily harm from the defendant's acts." *Id.*

In *United States v. Brewer*, defendants argued, relying upon *Higdon*, that burglary by intimidation under § 2113 "can occur without threatened, attempted, or actual use of force," and therefore it did not constitute a crime of violence under the Sentencing Guidelines. *Brewer*, 848 F.3d 711, 715 (5th Cir. 2017). The Fifth Circuit rejected that argument, reasoning:

> The facts of *Higdon* show that while an express threat to use force may not be required for a conviction of robbery by intimidation, an implicit threat to use force is required. The kind of "intimidation" that suffices to put a victim in fear of bodily injury during the course of a bank robbery, and which would in turn allow a defendant to complete such a robbery, is the very sort of threat of immediate, destructive, and violent force required to satisfy the "crime of violence" definition. It is hard to imagine any successful robbery accomplished by threatening some far-removed reprisal that does not involve physical force.

*Brewer* at 715; *see also Jackson v. U.S.*, 2017 WL 3315648 (S.D. Cal. Aug. 3, 2017) (robbery under § 2111 constitutes a crime of violence under the elements clause of § 924(c)); *Holder v. U.S.*, 836 F.3d 891 (8th Cir. 2016); *U.S. v. McNeal*, 818 F.3d 141, 153 (4th Cir. 2016). Accordingly, the Court finds a conviction for robbery under § 2111 (defined as a taking "by force and violence, or by intimidation") requires, at a minimum, "an implicit threat to use force, which would in turn

allow a defendant to complete such a robbery, [which] is the very sort of threat of immediate, destructive, and violent force required to satisfy the 'crime of violence' definition." *Brewer* at 715.

For the reasons set forth in the Report and Recommendation, as well as those stated herein, the Court finds robbery under 18 U.S.C. § 2111 constitutes a crime of violence as set forth in the elements clause of 18 U.S.C. § 924(c)(3), and therefore Materne is not entitled to relief. Accordingly, the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 130] is **DENIED** and **DISMISSED WITH PREJUDICE**.

SIGNED in Chambers on this 4th day of December, 2018.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE